UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-22626-JLK

KENIA VELIZ, *as co-personal
representative of the estate of
Elivs Antonio Oropeze Diaz*

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.
*d/b/a PRINCESS CRUISES, a foreign
corporation*,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

THIS MATTER comes before the Court upon Defendant's Motion for Sanctions against Plaintiff Veliz and His Counsel Regarding Discovery Abuses (D.E. 20), filed March 18, 2013. Plaintiff did not file a response to this Motion, as required under Local Rule 7.1(c) (Failure to serve an opposing memorandum of law within 14 days of service of a motion may be deemed sufficient cause for granting the motion by default). However, upon review of the record and careful consideration, the Court finds the Motion should be denied.

### I. BACKGROUND

This case arises from actions in the Pacific Ocean in March, 2012. On March 10, 2012, a group of birders aboard Defendant's ship *Star Princess* observed a small boat in

distress. One of the birders took photographs of the boat and alerted the ship's staff. At the same time, Elivs Antonio Oropeze Diaz was a Panamanian fisherman aboard the *Fiftycent*, a small boat which had lost power and was adrift in the Pacific. Diaz and one other fisherman passed away before the *Fiftycent* was rescued by a ship named *Duarte V*. Adrian Vasquez was the sole survivor.

For a time, it was thought that the boat the *Star Princess* birders saw was the *Fiftycent*; the birders had provided the media with the photgraphs they took and believed the photos to show the fishermen's ordeal. Plaintiff, as the co-personal representative of Diaz's estate, along with Vasquez and others related to the decesaed fishermen, each individually sued Defendant for failure to rescue. The instant case was filed on July 17, 2012 (D.E. 1). In December 2012, after multiple depositions, the birders releaved two other photos of a boat proving they had been mistaken and the one they photographed on March 10, 2012 was not the *Fiftycent* and was actually a much larger boat. The birders also corrected their testimony and said that they had not seen anyone signaling for help from the vessel.

Plaintiff filed a Notice of Voluntary Dismissal with Prejudice on March 18, 2013 (D.E. 21). The same day, Defendant filed this Motion for Sanctions. Defendant says Plaintiff has concealed evidence central to the litigation; submitted false and misleading Responses to Interrogatories, Requests for Production, and Requests for Admissions; proffered frivolous objections; and feigned ignorance of facts later proven to have been known.

2

Defendant states that its private investigator found videos taken by the *Duarte V* when it rescued the *Fiftycent*. Defendant claims that Plaintiff knew about the videos and had copies of them because Vasquez, the lone survivor, gave a copy to Plaintiff shortly after his rescue. In Interrogatories and Requests for Production, Defendant asked Plaintiff to identity all evidence supporting the contention that the boat the passengers saw was the *Fiftycent*, but Plaintiff did not provide the videos.

After Defendant had the videos, Defendant asked Plaintiff to admit the videos were authentic and depicted the *Fiftycent* as it appeared at the time it was adrift. Defendant claims that Plaintiff had copies of the videos and had seen them, but that Plaintiff evaded answering the questions by saying that it lacked sufficient knowledge about the authenticity and accuracy of the videos. Defendant characterizes these as "frivolous objections." Defendant states that because of the failure to disclose the videos Defendant had to search for them and incurred costs in returning to Ecuador to take a Declaration from the rescuing boat stating that the videos are authentic and portray the *Fiftycent* as it appeared on the day it was rescued.

The Court notes the similarity between this case and Case No. 12-cv-22022-JLK; both cases involve the same factual basis and involve similar causes of action. The cases were consolidated in the lower-numbered case in August 2012 (12-22022 D.E. 22). In 12-22022 Defendant filed a Motion for Sanctions Against Plaintiff Adrian Vasquez and His Counsel Regarding Discovery Abuses (D.E. 101). Although in the instant case

3

Plaintiff is a representative of the estate of one of the deceased fisherman whereas in 12-cv-22022 Plaintiff Vasquez was the sole surviving fisherman of the *Fiftycent*, many points in the Motions overlap.

In fact, the Motions are almost identical, save some minor differences and additional arguments made against Plaintiff Vasquez which are not made against Plaintiff Veliz. For example, both Motions take issue with respective Plaintiffs' actions surrounding video of the *Fiftycent's* rescue, information regarding painting on the side of the *Fiftycent*, and Defendant's private investigator returning to Panama to locate the *Duarte V* captain. Both Motions seek Plaintiffs and counsels be ordered to reimburse Defendant for all costs related to investigation of the video of the rescue[1], Plaintiffs and counsels be ordered to reimburse Defendant for all costs incurred in sending counsel to Panama to depose Plaintiff Vasquez without the benefit of the potentially impeaching video, and that counsel be sanctioned to deter future conduct.

In 12-22022, Magistrate Judge Garber issued a Report and Recommendation, which this Court affirmed in part on October 15, 2013 (D.E. 133). Magistrate Judge Garber recommended dismissal with prejudice and a sanction of $2,500 on Plaintiff Vasquez's domestic and foreign counsel. This Court ordered a dismissal with prejudice but, upon objection by the parties, did not impose sanction on counsel. The Court notes Magistrate Judge Garber did not recommend monetary sanctions against the party in that case.

---

[1] The Court assumes the request in the instant Motion p 14 that Plaintiff Vasquez and his counsel be sanctioned is a "copy and paste" error on Defendant's part. The Court reads the Motion to ask for sanctions against Plaintiff Veliz and his counsel.

4

## II. LEGAL STANDARD

Defendant moves the Court to take action pursuant to the Federal Rules of Civil Procedure, 28 U.S.C. §1927, and/or the Court's inherent power.

Read as a whole, the Federal Rules of Civil Procedure require parties and attorneys to act with honesty. Rule 26(e) requires parties to supplement or correct responses to interrogatories, responses to requests for production, and responses to requests for admissions in a timely manner if the parties learns that the response was incomplete for incorrect "in some material respect" and if the additional information has not otherwise been made known to the other parties. Rule 26(g) imposes a duty on attorneys to sign only legal, proper, and adequate discovery responses. The Rules permit sanctions for failure to properly conduct discovery. *See e.g.* Fed. R. Civ. P. 37(c), 37(d)

Under 28 USC § 1927, an attorney who unreasonably and vexatiously multiplies the proceedings may be required to pay the excess costs, expenses, and attorney's fees reasonably incurred as a result of the conduct. In order to award a § 1927 sanction, "(1) the attorney must engage in unreasonable and vexatious conduct, (2) that conduct must have multiplied the proceedings, and (3) the amount of sanctions must bear a financial nexus to the excess proceedings." *Barnhart v Lamar Advertising Co.*, 523 Fed. Appx. 635, 638 (11th Cir. 2013) (quoting *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997)). "An attorney engages in unreasonable and vexatious conduct when the conduct is 'so egregious that it is tantamount to bad faith.'" *Id.* (quoting *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1282 (11th Cir.2010)(internal citations omitted). "Bad

faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

Federal courts have an inherent power to sanction when parties or attorneys have harmed the judicial process. *Chambers v NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v Dalton*, 158 F.3d 1212 (11th Cir. 1998). "A party ... demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006)(quoting *Byrne v Nezhat*, 261 F.3d 1075, 1214 (11th Cir. 2001)(internal citations omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 (1991).

### III. ANALYSIS

#### a. *The Videos*

Defendant disputes Plaintiff's Answers to Interrogatories and Responses to Requests for Productions. Defendant does not attach its Interrogatories, but in the Motion characterizes that it requested "all evidence that supports the contention that the boat observed by passengers on the *Star Princess* was the boat Vasquez was adrift on." In its Requests for Production, Defendant sought evidence supporting Plaintiff's allegations made in the Complaint or supporting that the boat the birders observed was the *Fiftycent*. D.E. 20-6, 20-7. A technically correct reading of Defendant's requests does not require Plaintiff to identify the rescue videos. The video does not actually support the contention in the Complaint that the *Star Princess* failed to rescue the *Fiftycent*. Thus,

the Court finds no technical fault with Plaintiff's and counsel's responses to the Answers to Interrogatories or the First and Second Requests for Production.

However, it is clear that any rescue videos are critical to this case, given that the case hinges on the *Fiftycent* being the boat the birders observed. In order to determine which boat was seen, a video showing the *Fiftycent*'s condition around the time in question is obviously helpful. Thus, Plaintiff should have revealed the video in order to speed the resolution of this case.

Defendant also takes issue with Plaintiff's alleged refusal to authenticate the videos in Responses to Requests for Admission. The requests posited to Plaintiff sought information relating to the *Fiftycent* and the boat's condition on the day it was rescued. Plaintiff was not on the boat that day. D.E. 20-8. Even if Plaintiff had copies of the videos, such possession would not impart knowledge about what the accuracy of the video. Plaintiff Veliz was not personally on the *Fiftycent* on that day and asserts in response that Plaintiff had been unable to depose Vasquez. Defendant presents no facts as to why Plaintiff Veliz should have personal knowledge of the vessel. Plaintiff attempted to respond to the requests, but simply lacked the knowledge to give Defendant the information sought. Plaintiff's responses, thus, were adequate. Accordingly, Plaintiff's counsel acted appropriately in preparing and signing the documents. Defendant's arguments about what Vasquez later admitted in deposition do not implicate Plaintiff Veliz.

Defendant argues that at a hearing on August 8, 2012 Plaintiff's counsel stated he knew nothing about the videos and was unaware as to what they showed. Defendant finds this unbelievable because Plaintiff had copies of the video at the time. The Court notes that in the case number under which Defendant has filed this Motion, 12-cv-22626, there is no August 8, 2012 hearing. Thus, the Court assumes Defendant refers to the August 8, 2012 hearing in 12-cv-22022. This case number (12-cv-22626) is not part of the minutes (12-cv-22022 D.E. 21) and Michael Keith Roberts II, Plaintiff's listed attorney in 12-cv-22626 was not at the hearing. A transcript of the hearing is not attached to this Motion. Even so, it seems reasonable to the Court that any attorney, whether Plaintiff Veliz's or otherwise, would need time to review the videos before remarking on them. As such, any statement denying comment on the video is not sanctionable.

### b. *Painting on the Side of the Fiftycent*

Defendant also moves for sanctions because Plaintiff objected to Requests for Admissions regarding identifying marks on the *Fiftycent*. Plaintiff responded with lengthy objections to these requests. As stated above, Plaintiff Veliz was not on the *Fiftycent* during the March 2012 ordeal and the Court has no reason to find that Plaintiff Veliz has personal knowledge of the boat's appearance. Plaintiff Veliz and counsel responded to the best of Plaintiff's knowledge. Thus, the Court will not impose sanctions for these responses.

## IV. CONCLUSION

In sum, the Court finds Plaintiff should have been more forthcoming with the existence of the rescue video. However, on balance, sanctions are unnecessary in this case. The case has already been voluntarily dismissed with prejudice. Plaintiff's responses to discovery requests do not violate the Federal Rules of Civil Procedure. Under § 1927, the above analysis shows counsel had good grounds for believing in the course of action taken and the Court finds nothing egregious. The Court declines to exercise its discretion to impose sanctions under its inherent powers; neither Plaintiff nor counsel have delayed or disrupted litigation to the extent which would permit such an exercise. There are insufficient allegations in this Motion and on the record as a whole that the actions of Plaintiff of Plaintiff's counsel warrant sanctions.

Accordingly, after a careful review of the record and the Court otherwise being advised in the premises, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion for Sanctions against Plaintiff Veliz and His Counsel Regarding Discovery Abuses (**D.E. 20**) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22 day of October, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA